## SUMTER FARM & STOCK CO., Inc., v. UNITED STATES.

### Civil Action No. 5465.

District Court, N. D. Alabama, S. D.

Oct. 2, 1944.

McQueen & McQueen, of Tuscaloosa, Ala., and Benners, Burr, Stokely & McKamy, of Birmingham, Ala., for plaintiff.

Samuel O. Clark, Jr., Asst. Atty. Gen., Andrew D. Sharpe and Robert R. Reynolds, Jr., Sp. Assts. to Atty. Gen., and Jim C. Smith, U. S. Atty., of Birmingham, Ala., for defendant.

MULLINS, District Judge.

The above-entitled cause on June 21, 1944, duly and regularly came on for trial and hearing before this Court sitting without a jury. Having considered the stipulation of facts, the arguments and briefs of counsel, the Court makes and publishes the following:

### Findings of Fact

1. The plaintiff, Sumter Farm and Stock Company, Inc., a corporation organized under the laws of the State of Alabama, in this action which arises under 28 U.S.C.A. § 41(20), seeks to recover the sum of $10,-478.89, plus statutory interest, paid as corporation surtax on undistributed profits for the year 1936.

2. For the tax year 1936 the plaintiff timely made its return for income taxes and undistributed profits taxes and paid to the Collector of Internal Revenue surtax on undistributed profits as shown by the return in the amount of $10,066.73. This amount was paid in equal installments on March 12, 1937, June 15, 1937, September 15, 1937, and December 15, 1937. Upon an audit of the return by a representative of the Bureau of Internal Revenue the surtax on undistributed profits for 1936 was corrected and increased to the sum of $10,-478.89. Payment of the additional amount of $412.16 was made to the Collector on May 24, 1938. The Collector to whom the surtaxes on undistributed profits were paid is no longer in office and was not in office at the time the instant suit was filed.

3. The plaintiff on December 31, 1935, had an operating deficit of $380,256.10, and an adjusted net income for computation of surtax on undistributed profits for the year 1936 of $51,116.50, which amount was less than the deficit existing at the close of the preceding calendar year and less than the deficit existing at all times during the year 1936. It is admitted by the defendant that the plaintiff was a deficit corporation, and that such deficit was a deficit in accumulated earnings and profits.

4. On November 23, 1942, within one year from the effective date of the Revenue Act of 1942, the plaintiff filed with the Collector of Internal Revenue a claim for refund of the said amount of $10,478.89 paid as surtax on undistributed profits for the taxable year 1936. The claim was based on the ground that the plaintiff was entitled to a credit under Section 26(c) of the Revenue Act of 1936, as amended by Section 501(a) (2) of the Revenue Act of 1942, 26 U.S.C.A. Int.Rev.Acts, as being a deficit corporation during the taxable year and as such allegedly was prohibited by law from paying dividends during such year.

5. The Commissioner of Internal Revenue under date of September 30, 1943, disallowed the claim for refund in full.

### Conclusions of Law

The Court concludes as a matter of law that:

1. There was not any provision of a law of Alabama in effect prior to May 1, 1936, which prohibited the plaintiff from declaring dividends during the calendar year 1936.

2. The plaintiff is not entitled under Section 26(c) of the Revenue Act of 1936, as amended by Section 501(a) (2) of the Revenue Act of 1942, to a dividend credit for undistributed profits surtax purposes for 1936.

3. The taxes in question were legally and properly assessed against and collected from the plaintiff.

4. The United States is entitled to judgment, dismissing the plaintiff's complaint, and to its allowable costs.